UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RONALD R. MILLSAPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:25-CV-9-KAC-DCP |
| ) | |
| JOHN DOES 1–6, as Blount County ) | |
| Sheriff's Office Officers in their individual ) | |
| Capacity, ) | |
| ) | |
| Defendants. ) | |

### ORDER TO SHOW CAUSE

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1].

A prisoner seeking to proceed in forma pauperis must file an (1) an application to proceed in forma pauperis without payment and (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). On January 8, 2025, Plaintiff filed his Application, but he did not include a certified copy of his inmate trust account for the previous sixth-month period [Doc. 1]. Therefore, on January 10, 2025, the Court entered an Order directing Plaintiff to pay the full filing fee or submit the necessary documents in support of his Application [Doc. 4]. His deadline to correct this deficiency was February 10, 2025 [*Id*. at 1]. The Court warned Plaintiff that if he failed to comply with the Order, the Court would assess the full amount of fees [*Id*.].

On February 7, 2025, Plaintiff filed a Motion to Conduct Discovery [Doc. 5]. He included with his motion the Declaration of Inability to Comply with Court Order Doc. 4 [Doc. 5-1.]. He

states that on January 16, 2025, he sent the custodian a request to obtain the certified copy of his trust account but that the custodian failed to complete and return the documents [*Id*.]. On February 10, 2025, the Court granted Plaintiff an extension to submit the necessary paperwork in light of his declaration [Doc. 6]. The Court directed Plaintiff to provide the necessary paperwork or pay the full filing fee on or before February 24, 2025 [*Id*.]. Plaintiff has not complied with the Court's Orders [Docs. 4 and 6].

On March 3, 2025, the Court entered an Order to Show Cause, directing Plaintiff to show cause why his Application should not be denied for failing to comply with the Court's Orders [Doc. 7 p. 2 (citing Docs. 4 and 6)]. Plaintiff's deadline was March 18, 2025 [*Id*.].

On March 11, 2025, Plaintiff responded to the Court's Order to Show Cause [Doc. 8]. He states that he "has diligently sought to comply with every order from the [C]ourt" [*Id*. at 1]. Specifically, he has requested the certified copy of his trust account from the Sevier County Jail's money clerk, but he has refused to respond [*Id*.]. Plaintiff states that he also sent requests to the jail administrator [*Id*.]. According to Plaintiff, on February 18, 2025, he finally received the completed and certified copy of his trust account, and he mailed the documents on the same day [*Id*.].

Although Plaintiff states that he placed the completed and certified copy of his trust account in the mail about a month ago, the Court has not received it. To the extent Plaintiff would like to proceed in forma pauperis, the Court must receive the appropriate paperwork pursuant to § 1915. In light of Plaintiff's attempts, however, the Court will **GRANT** him another extension to comply with § 1915 until **April 4, 2025.** The Court hereby **ADMONISHES** Plaintiff that this is the last extension absent extraordinary circumstances.

Given that the Court has not received a copy of Plaintiff's certified trust account, the Court **DIRECTS** the custodian of trust accounts to complete and sign the prison account statement form with Plaintiff's information and provide Plaintiff with a certified copy of his inmate trust account statement (or institutional equivalent) for the six-month period preceding Plaintiff's Complaint. The Court **DIRECTS** the Clerk of Court to send a copy of this Order to the Warden of the Sevier County Jail, as he may wish to inquire into whether officials at the Sevier County Jail are complying with the requirements of the PLRA, including the requirement that officials provide prisoners seeking to bring a civil action with a certified copy of the prisoner's trust fund account statement (or the institutional equivalent) for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2).

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge